**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-8047**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DWAYNE ALTWAN LANGFORD,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., Senior District Judge. (8:07-cr-00013-HMH-1; 8:10-cv-70237-HMH)

---

Submitted: April 16, 2013        Decided: April 24, 2013

---

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Dwayne Altwan Langford, Appellant Pro Se. Elizabeth Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dwayne Altwan Langford seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion seeking relief from an order denying his 28 U.S.C.A. § 2255 (West Supp. 2012) motion. Because the Rule 60(b) motion directly attacked Langford's conviction, the district court was without jurisdiction to consider the motion, which was, in essence, a successive and unauthorized § 2255 motion. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

2

We have independently reviewed the record and conclude that Langford has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Langford's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. See Winestock, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp. 2012). Langford's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED